## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| TODD STAPLES,                    : <br> PLAINTIFF,          : <br>                                   : <br> v.                                : <br>                                   : <br> VERIZON DATA SERVICES, LLC D/B/A : <br> "VERIZON," VERIZON NEW ENGLAND,: <br> INC. D/B/A "VERIZON," VERIZON     : <br> COMMUNICATION, INC. D/B/A        : <br> "VERIZON",  and CHETAN GOPAL,   : <br>                    DEFENDANTS.   : | Docket No.: |

## COMPLAINT AND JURY DEMAND

### Nature of the Case

1.  This is an action for declaratory judgment, permanent injunctive relief and
    damages for injuries to Plaintiff as a result of Defendants' unlawful employment
    practices in violation of the Family & Medical Leave Act (hereinafter the
    "FMLA"), the Americans with Disabilities Act (the "ADA",) the Massachusetts
    Fair Employment Practices Act ("M.G.L. c. 151B"), and the anti-retaliation
    provisions of the Massachusetts Workers' Compensation Act ("M.G.L. c. 152").

2.  The Plaintiff, Todd Staples ("Mr. Staples" or "Plaintiff"), was employed by the
    Verizon companies listed herein (collectively "Defendant Verizon") for more than
    four years as a top-most-level software engineering and information technology
    (IT) professional. Mr. Staples was an excellent performer with an incredibly
    broad base of talent. Over his years of employment with Verizon, Mr. Staples
    satisfied his employment goals, while consistently earning positive reviews, and

receiving three (3) Spotlight Awards for exceptional contribution in 2014, 2015 and 2016. As of June 2017, Mr. Staples was a long-term employee in good standing. All that changed in 2017 after he was injured on the job, and developed a disability requiring ongoing accommodation. After his injury, notice of disability and assertion of his rights, Mr. Staples suffered harassment, discrimination, denial of reasonable accommodation requests, and retaliation, which culminated in his termination on December 29, 2017. Defendants terminated Mr. Staples's employment because of his disability, despite his rights under the FMLA, the ADA, M.L.G. c. 151B, and M.G.L. c. 152, and/or in retaliation for asserting his rights under those laws. Mr. Staples suffered damages as a result of Defendants unlawful actions.

## The Parties

3.   Mr. Staples is an individual residing in North Grafton, Worcester County, Massachusetts at all times relevant to this action. Mr. Staples suffered a workplace injury, disability and serious medical condition.

4.   Defendant Verizon Data Services, LLC d/b/a "Verizon" is a foreign company with a registered agent located at CT Corporation System, 155 Federal Street, Boston, Suffolk County, Massachusetts 02110. Upon information and belief, Verizon has a principal office located at 900 Chelmsford Street, Lowell, Middlesex County, Massachusetts 01851.

5.   Upon information and belief, Defendant Verizon New England, Inc. d/b/a "Verizon" is a foreign corporation with a principal office located at 125 High Street, Oliver Tower, 7th Floor, Boston, Suffolk County, Massachusetts 02110.

6.    Defendant Verizon Communication, Inc. d/b/a "Verizon" is a foreign corporation with a date of withdrawal listed on the Massachusetts Secretary of State as December 17, 2001, and the last registered agent listed was CT Corporation Services, 101 Federal Street, Boston, Suffolk County, Massachusetts 02110. Upon information and belief, this corporation has a principal place of business at 16 Progress Avenue, Chelmsford, Middlesex County, Massachusetts 01824.

7.    Defendant Chetan Gopal (Defendant Gopal) is, on information and belief, a resident of Westwood, Norfolk County, Massachusetts. At all times described in this complaint, he was employed by Defendant Verizon at all times described in this Complaint and Jury Demand ("Complaint"). Defendant Gopal worked for Verizon as the Director of Software-based Technology Innovation.

8.    Mr. Staples at all times described in this Complaint was an employee of Defendants within the meaning of the FMLA, the ADA, M.G.L. c. 151B and M.G.L. c. 152.

9.    Defendant Verizon at all times described in this Complaint was Mr. Staples's employer within the meaning of the FMLA, the ADA, M.G.L. c. 151B and M.G.L. c. 152.

**Jurisdiction and Venue**

10.    Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331.

11.    Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that
        Plaintiff resides in this district and a substantial part of the events or omissions
        giving rise to the claims occurred in Worcester County, Massachusetts.

13.     On or about May 11, 2018, the Plaintiff filed a proper and timely charge of
        discrimination with the Massachusetts Commission Against Discrimination
        ("MCAD"), which charge was cross-filed with the Equal Employment
        Opportunity Commission ("EEOC").

14.     Plaintiff notified the MCAD and the EEOC that he would be removing his case
        and filing in federal court. The MCAD issued a dismissal on or about November
        12, 2018, and the EEOC issued a dismissal on or about November 28, 2018.
        Those dismissals are attached hereto as Exhibit A.

15.     All administrative and jurisdictional prerequisites to suit have been satisfied.

### Facts

16.     Mr. Staples began working for Defendant Verizon on or about November 2013 as
        a Cloud Infrastructure Software Quality Assurance Manager.

17.     In 2017, Mr. Staples was transferred to the software-defined networking
        innovation projects as an individual contributor. Mr. Staples still reported to Mr.
        Amin Javanbakht, who in turn reported to Defendant Gopal.

18.     Over Mr. Staples years of employment, he consistently satisfied the employment
        goals Defendant Verizon set for him, received good performance reviews and
        obtained higher than average merit-based raises.

19.     Mr. Staples received three (3) Spotlight Awards for exceptional contribution in
        2014, 2015 and 2016.

20.   In or about October 2016, Mr. Staples's team began working on a project with Defendant Gopal. Defendant Gopal was above Mr. Staples in the Verizon hierarchy, although he was not in Mr. Staples's direct chain of command.

21.   In or about June 2017, Defendant Gopal entered Mr. Staples's chain of command as his direct supervisor Amin Javanbakht began reporting to Defendant Gopal.

22.   Mr. Staples performed his duties in a satisfactory fashion and was not subjected to discipline in this role prior to June 2017.

23.   Mr. Staples was an employee in good standing as of June 20, 2017.

24.   Mr. Staples performed his duties in a satisfactory fashion and was not subject to discipline in his role after June 2017.

25.   On or about June 21, 2017, Mr. Staples severed his digital artery and crushed the digital nerve in his thumb while installing a Verizon server machine in the course of his job duties. As a result of this workplace injury, Mr. Staples subsequently developed permanent and serious nerve damage to his thumb.

26.   Mr. Staples promptly filed a Workers' Compensation claim; which claim was approved.

27.   This injury required surgery to mend a crushed thumb nerve. During this surgery Mr. Staples's lung collapsed, requiring him to return to the emergency room for additional treatment.

28.   To date, this injury has not fully healed, still causes pain and discomfort and still interferes with Mr. Staples's ability to perform daily activities on occasion. This condition rose to the level of a serious medical condition within the meaning of the FMLA, and a disability/handicap under the ADA and M.G.L. c. 151B.

29.    In or about September 2017, Mr. Staples suffered a back and hip injury that was later diagnosed as a Sacroiliac Ligament tear. This condition caused, and continues to cause, serious and debilitating pain, and substantially interferes with his ability to perform major life activities, including walking. This condition rose to the level of a serious medical condition within the meaning of the Family and Medical Leave Act, and a disability/handicap under the ADA and M.G.L. c. 151B.

30.    Mr. Staples requested leave time and work from home as accommodations for both injuries. Mr. Staples was permitted to work from home.

31.    Mr. Staples worked as much as he could during this time, including from the hospital and his sick bed.

32.    Even when Mr. Staples was on leave, Defendants contacted him to perform work duties.

33.    Mr. Staples also suffered from anxiety and depression, which worsened during this time due to Defendants' hostile treatment. This condition rose to the level of a disability/handicap under the state and federal disability laws.

34.    The above conditions separately and cumulatively rose to the level of a disability/handicap under the law.

35.    After Mr. Staples was injured on the job, and developed a disability requiring ongoing accommodation and then was injured again needing further accommodation, Defendant Gopal's treatment of Mr. Staples changed drastically for the worse.

36.     Throughout this time, Mr. Staples remained a qualified individual able to perform

the essential functions of his job with or without a reasonable accommodation.

37.     Mr. Staples had been continually seeking medical treatment and assessment for

his conditions. Mr. Staples communicated regularly and in writing with his

supervisors, Mr. Javanbakht and Defendant Gopal, and other team members about

his injuries, disabilities and need for leave and accommodation.

38.     After his injury, notice of disability and assertion of his rights, Mr. Staples

suffered harassment, discrimination, denial of reasonable accommodation

requests, and retaliation.

39.     The retaliation culminated in Defendants notifying Mr. Staples November 16th

that he would be terminated effective December 29, 2017.

40.     Paperwork for Mr. Staples termination was completed and signed into effect on

October 28, 2017, while Mr. Staples was still in severe pain with his back injury

and working from home as a reasonable accommodation.

41.     On November 7, 2017, Defendant Gopal sent Mr. Staples a "Quick Note"

informing Mr. Staples that he needed to "Expand [his] role in the group, reach out

to other members and see how [he] could contribute a lot more to the group."

42.     Mr. Staples contacted his supervisor regarding the "Quick Note." Mr. Javanbakht

stated he was unaware that this note was issued or why Defendant Gopal had

issued this note.

43.     Mr. Staples reached out to Defendant Gopal to discuss this note. Defendant Gopal

informed Mr. Staples via email that he would schedule a meeting to discuss the

note, but Defendant Gopal failed to do so.

44.     Upon information and belief, this note was sent after Defendant Gopal selected Mr. Staples for layoff, which selection, upon information and belief, occurred on or before October 28, 2017.

45.     It appears this note was part of the artifice and scheme to justify Mr. Staples's selection for layoff.

46.     Verizon has a procedure of "Rate and Rank" that is used to justify the decisions made regarding which employees are selected for layoff. There is a described protocol for this process. It includes that the process should be conducted by the employees' direct supervisor(s).

47.     Upon information and belief, Verizon engages in a pattern and practice of misusing this process for unlawful purposes.

48.     A Rate and Rank was conducted for Mr. Staples and two other employees. Without substantiation for its actions, Defendants intentionally selected Mr. Staples and these two employees, as well as the Rate and Rank factors, considerations and scores with the goal of terminating Mr. Staples's employment due to discriminatory and retaliatory animus.

49.     Upon information and belief, the Rate and Rank model was not followed in Mr. Staples case, and was not completed by Mr. Staples's supervisor, Mr. Javanbakht.

50.     Mr. Javanbakht was not consulted during this Rate and Rank process regarding Mr. Staples's selection for the Rate and Rank, the categories evaluated through the Rate and Rank, the scores of the three selected candidates, or Mr. Staples's selection for termination.

51.     The Rate and Rank leaves off most of Mr. Staples's many strong skills, and downplays the skills included. As one example (and there are many), the Rate and Rank states Mr. Staples has "sufficient" Cloud skills. Of the team, Mr. Staples is probably the strongest skilled team member in Cloud. Mr. Staples was the Quality Assurance Manager of the team that built a proprietary public/private compute Cloud offering for Verizon. Mr. Staples also built and managed a lab that was mostly OpenStack with some VMWare Cloud technologies. Saying that Mr. Staples's Cloud skills are "sufficient" is grossly inaccurate.

52.     Mr. Staples was the only employee from his department selected for "layoff."

53.     Verizon hired five new employees into Mr. Staples's department in or about October 2017.

54.     Mr. Staples has and had the capability to perform in any of these positions.

55.     None of these positions were offered to Mr. Staples, and none of the offers were rescinded to permit Mr. Staples to continue as an employee.

56.     Mr. Staples was terminated as of December 29, 2017.

57.     This termination was not "for cause."

58.     Verizon also improperly conditioned the payment of Mr. Staples's earned annual bonus upon him accepting an offered severance agreement. Mr. Staples refused. On January 2nd (after the deadline for signing the severance agreement had passed) Verizon informed Mr. Staples that he was incorrectly informed that he could only receive his annual bonus if he signed the severance agreement and would, in fact, receive his annual bonus.

59.   Mr. Staples was treated less favorably than his peers who did not notify Defendants of their disabilities (and/or did not have disabilities) and did not request accommodations and/or leave.

60.   The November 7 Quick Note and the subject Rate and Rank were designed to distort Mr. Staples's skillset and performance to get the desired outcome – his selection for termination.

61.   Almost immediately after notifying Defendants of Mr. Staples's disabilities/handicaps, requesting accommodations and leave for his disabilities/handicaps, and filing a Workers' Compensation claim, the tone of his workplace changed, and Defendants subjected him to retaliation, including: ignoring him, sending him a bogus Quick Note, engaging in a bogus Rate and Rank, and setting him up for termination.

62.   The company did not follow its written policies regarding rate and ranks, discrimination and/or disability accommodation.

### The Defendants' Motivation

63.   The ostensible reason for the Plaintiff's dismissal was pretextual.

64.   The Defendants' conduct, as more particularly set forth above, was willful and knowing.

65.   The Defendants' conduct, as more particularly set forth above, was intended to and did harm the Plaintiff.

66.   The Defendants' conduct, as more particularly set forth above, has caused the Plaintiff to suffer emotional distress, and continues to do so.

67. The Defendants' conduct, as more particularly set forth above, was made with the knowledge and intent to violate state and federal law.

68. The Defendants' conduct, as more particularly set forth above, was carried out with malice.

69. The Defendants' conduct, as more particularly set forth above, was outrageous and egregious, and warrants condemnation and deterrence.

## COUNT I: Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Against Defendant Verizon

70. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 70 and incorporates them by reference herein.

71. Defendant Verizon is an employer under the FMLA, 29 U.S.C. § 2611(4), and subject to its provisions.

72. The Plaintiff's condition resulting from his severed his digital artery and crushed the digital nerve in his thumb, which necessitated surgery and ongoing treatment constituted a serious health condition pursuant to 29 U.S.C. § 2611(11).

73. The Plaintiff's ongoing conditions, including his thumb injury and condition, back and hip injury later diagnosed as a Sacroiliac Ligament tear, and anxiety and depression, all of which at times necessitated absences from work, constituted one or more serious health conditions pursuant to 29 U.S.C. § 2611(11).

74. As outlined above, Defendant Verizon knew or should have known that Mr. Staples has a qualifying condition under the FMLA.

75. Under the FMLA, 29 U.S.C. § 2612, Plaintiff was entitled to take up to 12 weeks of intermittent leave during any 12-month period.

76.    Defendant Verizon had a duty to refrain from interfering with, restraining, and/or denying the exercise or the attempt to exercise Plaintiff's rights under 29 U.S.C. §§ 2611, *et seq.*

77.    As more particularly described above, Defendant Verizon interfered with the Plaintiff's exercise of his rights under FMLA by, *inter alia*, complaining about his use of leave, interrupting his leave with work requests, discouraging him from taking leave, and, ultimately, dismissing him from Defendant Verizon's employ for having exercised his rights under the statute.

78.    The interference described above violated the Plaintiff's rights under the FMLA.

79.    Plaintiff suffered damages as a result of these unlawful acts.

80.    Defendant Verizon is liable to the Plaintiff for violating his rights under the FMLA, 29 U.S.C. § 2612.

### COUNT II: Retaliation for Use of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Against Defendant Verizon

81.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 80 and incorporates them by reference herein.

82.    Defendant Verizon was aware of Plaintiff's protected activities.

83.    By issuing a bogus Quick Note, engaging in a sham Rate and Rank, selecting Plaintiff for "layoff," and dismissing the Plaintiff from its employ, and in divers other ways as more particularly described above, Defendant Verizon retaliated against Plaintiff for exercising his rights under the FMLA.

84.    Retaliation for the exercise of rights protected by the FMLA is a violation of law. 29 U.S.C. § 2615(a).

85.    Plaintiff suffered damages as a result of this unlawful conduct.

86.   Defendant Verizon's conduct in retaliating against the Plaintiff for the exercise of his rights under FMLA was willful and intentional.

87.   Defendant Verizon is liable to the Plaintiff for violating his rights under the FMLA, 29 U.S.C.§ 2612.

### COUNT III: Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*: Failure to Accommodate Against Defendant Verizon

88.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 87 and incorporates them by reference herein.

89.   Plaintiff was, at all times, a qualified individual with a disability who was able to perform the essential functions of his position with or without accommodation.

90.   Plaintiff suffered from ongoing impairments, his thumb injury and condition, his back and hip injury later diagnosed as a Sacroiliac Ligament tear, anxiety and depression. These impairments at times necessitated absences from work, required ongoing medical treatment and substantially impaired his ability to think, concentrate, walk and/or work, (among other major life activities).

91.   Plaintiff's condition constituted a disability under the ADA, as amended, 42 U.S.C. § 12111, *et seq.*

92.   Defendant Verizon had notice of Mr. Staples's impairment and need for accommodation.

93.   Defendant Verizon had a duty to provide Plaintiff with reasonable accommodations that did not impose an undue hardship.

94.   On multiple occasions, Plaintiff made requests for reasonable accommodation, including leave. By contacting Plaintiff regarding approved leave, Defendant

Verizon effectively failed to provide Mr. Staples with this reasonable accommodation.

95. These accommodations were reasonable and would not have caused Defendant Verizon's undue hardship.

96. Further, Defendant Verizon failed to engage with Plaintiff in an interactive dialogue in good faith.

97. The Plaintiff has suffered damages as a result of Defendant Verizon's violations of law set forth above.

98. Defendant Verizon is liable for the violations of law set forth above.

**COUNT III: Violation of Americans with Disabilities Act,**
**42 U.S.C. § 12101, *et seq.*: Discrimination and Retaliation**
**Against Defendant Verizon**

99. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 98 and incorporates them by reference herein.

100. Defendant Verizon discriminated against the Plaintiff on account of his disability by, *inter alia*, by interrupting his approved leave with work requests, issuing a bogus Quick Note, engaging in a sham Rate and Rank, selecting Plaintiff for "layoff," and dismissing the Plaintiff from its employ, and in divers other ways as more particularly described above, as more particularly described above.

101. Defendants had notice of the Plaintiff's disability and of his protected activities and was motivated by Plaintiff's disability and his protected activities in terminating his employment.

102. In the alternative, Defendants regarded the Plaintiff as having a disability, and discriminated against him on account of its perception that the Plaintiff's condition constituted a disability as defined by the ADA, as amended.

103.    Defendant Verizon had a duty to refrain from retaliating and/or discriminating against the Plaintiff on account of his disability or perceived disability

104.    Defendant Verizon's violations of law caused Plaintiff damages.

105.    Defendant Verizon is liable to Plaintiff for the violations of law set forth above.

106.    Defendant Verizon's acts of retaliation and discrimination against the Plaintiff, as more particularly described above, were made with malice or with reckless indifference to Mr. Staples federally protected rights.

**COUNT V: Violation of Mass. Gen. Laws c. 151B, § 4(16),**
**Handicap Discrimination Against Defendant Verizon**

107.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 106 and incorporates them by reference herein.

108.    Plaintiff was, at all times, a qualified individual with a handicap who was able to perform the essential functions of his position with or without accommodation.

109.    Plaintiff's condition(s) constituted a handicap(s) under M.G.L. c. 151B, § 4(16).

110.    Defendant Verizon discriminated against the Plaintiff on account of his handicap by, *inter alia*, by interrupting his approved leave with work requests, issuing a bogus Quick Note, engaging in a sham Rate and Rank, undervaluing Plaintiff's skills and contributions, selecting Plaintiff for "layoff," and dismissing Plaintiff from its employ, and in divers other ways, as more particularly described above.

111.    The Defendants' harassment and dismissal of Plaintiff were motivated by his disability.

112.    In the alternative, Defendants regarded the Plaintiff as having a handicap or impairment as defined by M.G.L. c. 151B, § 1(17), and discriminated against him on the basis of that perception.

113.   Defendant Verizon had a duty to refrain from discriminating against the Plaintiff on account of his handicap or on account of a perceived handicap.

114.   Defendant Verizon had a duty to provide Plaintiff with reasonable accommodations that did not impose an undue hardship.

115.   On multiple occasions, Defendant Verizon interfered with Plaintiff's approved requests for leave as a reasonable accommodation, effectively denying same.

116.   These accommodations were reasonable and would not have caused Defendant Verizon undue hardship.

117.   Further, Defendant Verizon failed to engage with Plaintiff in an interactive dialogue in good faith.

118.   The Plaintiff has suffered damages from the violations of law set forth above.

119.   Defendant Verizon is liable to Plaintiff for the violations of law set forth above.

120.   Defendant Verizon's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

## COUNT VI: Violation of Mass. Gen. Laws c. 151B, § 4(4), Retaliation Against All Defendants

121.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 120 and incorporates them by reference herein.

122.   As outlined above, the Defendants retaliated and discriminated against Plaintiff because he opposed the Defendants' violation(s) of his rights under M.G.L. c. 151B, § 4.

123.   The Plaintiff has suffered damages from the violations of law set forth above.

124.   The Defendants are liable to Plaintiff for the violations of law set forth above.

125. The Defendants' acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

### COUNT VII: Violation of Mass. Gen. Laws c. 151B, §4(4A), Coercion, Intimidation, Interference and Threats Against Defendant Gopal

126. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 125 and incorporates them by reference herein.

127. As outlined above, Defendant Gopal coerced, intimidated, and threatened Plaintiff for, and interfered with Plaintiff's exercise and enjoyment of his rights to a reasonable accommodation and to be free from discrimination and retaliation.

128. The Plaintiff has suffered damages from the violations of law set forth above.

129. Defendant Gopal is liable to Plaintiff for the violations of law set forth above.

130. Defendant Gopal's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

### COUNT VIII: Violation of Mass. Gen. Laws c. 151B, § 4(5), Aiding and Abetting Against Defendant Gopal

131. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 130 and incorporates them by reference herein.

132. As outlined above, Defendant Gopal aided, abetted, incited, compelled or coerced the doing of acts forbidden under M.G.L. c. 151B.

133. The Plaintiff has suffered damages from the violations of law set forth above.

134. Defendant Gopal is liable to Plaintiff for the violations of law set forth above.

135. Defendant Gopal's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

**COUNT IX: Violation of Mass. Gen. Laws c. 152, § 75B(2),**
**Retaliation for Workers' Compensation Against Defendant Verizon**

136.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 135 and

incorporates them by reference herein.

137.    Defendants were aware that Plaintiff engaged in activity protected by the

Workers' Compensation Act.

138.    As outlined above, the Defendants terminated and discriminated against Plaintiff

because he engaged in activity protected by the Workers' Compensation Act.

139.    The Plaintiff has suffered damages from the violations of law set forth above.

140.    The Defendants are liable to Plaintiff for the violations of law set forth above.


WHEREFOR, Plaintiff prays the court to:

a.    Adjudge Defendant Verizon liable for the violations of law set forth in Count I.

b.    Adjudge Defendant Verizon liable for the violations of law set forth in Count
II.

c.    Adjudge Defendant Verizon liable for the violations of law set forth in Count
III.

d.    Adjudge Defendant Verizon liable for the violations of law set forth in Count
IV.

e.    Adjudge the Defendant Verizon liable for the violations of law set forth in
Count V.

f.    Adjudge the Defendants liable for the violations of law set forth in Count VI.

g.    Adjudge Defendant Gopal liable for the violations of law set forth in Count
VII.

h.   Adjudge Defendant Gopal liable for the violations of law set forth in Count VIII.

i.   Adjudge Defendant Verizon liable for the violations of law set forth in Count IX.

j.   Award the Plaintiff lost wages, benefits and other economic losses according to law.

k.   Award the Plaintiff damages for emotional pain and suffering according to law.

l.   Award the Plaintiff liquidated damages, as provided by law.

m.   Award the Plaintiff punitive damages, as provided by law.

n.   Award the Plaintiff pre- and post-judgement interest, according to law.

o.   Award the Plaintiff his costs and reasonable attorneys' fees, as provided by law.

p.   Grant the Plaintiff such additional relief, including equitable relief, as the court deems reasonable and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on his claims.

Respectfully submitted,
TODD STAPLES,
By his attorney,

Dated: December 15, 2018

/s/ Melissa A. Pomfred
Melissa Pomfred (BBO# 665682)
melissa@pomfredlaw.com
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038
P: (508) 321-7859
F: (508) 321-9333

# EXHIBIT A

**Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place – Room 601**
**Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

November 8, 2018

Melissa Pomfred
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038

Robert Young
Bowditch & Dewey, LLP
200 Crossing Blvd Suite 300
Framingham, MA 01702

**RE:  Todd Staples v. Verizon Data Services, LLC d/b/a Verizon, Chetan Gopal**
**MCAD Docket Number: 18BEM01647**
**EEOC/HUD Federal Charge Number: 523-2018-01357**

Dear Parties:

The Commission has received notice that the Complainant intends to file a civil action in Superior Court in the above-referenced matter.  Pursuant to M.G.L. Chapter 151B, § 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court.  In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.

Please be advised the Complainant is barred from subsequently bringing a complaint on the same matter before this Commission.

Very truly yours,

Sunila Thomas George
Investigating Commissioner

/mbh

Cc:

**Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place – Room 601**
**Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

November 8, 2018

Melissa Pomfred
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038

Robert Young
Bowditch & Dewey, LLP
200 Crossing Blvd Suite 300
Framingham, MA 01702

**RE: Todd Staples v. Verizon Data Services, LLC d/b/a Verizon, Chetan Gopal**
**MCAD Docket Number: 18BEM01653**
**EEOC/HUD Federal Charge Number: 523-2018-01358**

Dear Parties:

The Commission has received notice that the Complainant intends to file a civil action in Superior Court in the above-referenced matter. Pursuant to M.G.L. Chapter 151B, § 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court. In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.

Please be advised the Complainant is barred from subsequently bringing a complaint on the same matter before this Commission.

Very truly yours,

Sunila Thomas George
Investigating Commissioner

/mbh

Cc:

**Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place – Room 601**
**Boston, MA 02108**
Phone: (617) 994-6000 Fax: (617) 994-6024

November 8, 2018

Melissa Pomfred
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038

Robert Young
Bowditch & Dewey, LLP
200 Crossing Blvd Suite 300
Framingham, MA 01702

**RE:  Todd Staples v. Verizon Data Services, LLC d/b/a Verizon, Chetan Gopal**
**MCAD Docket Number: 18BEM01599**
**EEOC/HUD Federal Charge Number: 523-2018-01359**

Dear Parties:

The Commission has received notice that the Complainant intends to file a civil action in Superior Court in the above-referenced matter.  Pursuant to M.G.L. Chapter 151B, § 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court.  In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.

Please be advised the Complainant is barred from subsequently bringing a complaint on the same matter before this Commission.

Very truly yours,

Sunila Thomas George
Investigating Commissioner

/mbh

Cc:

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Todd Staples**<br>**210 Old Westboro Road**<br>**North Grafton, MA 01536** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2018-01357** | **Amon L. Kinsey, Jr.,**<br>**Supervisory Investigator** | **(617) 565-3189** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*   **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

**Feng K. An,**
**Area Office Director**

November 28, 2018

*(Date Mailed)*

Enclosures(s)

cc:

| | |
|---|---|
| **Natasha W. Campbell**<br>**Dir-HR Compliance**<br>**Verizon**<br>**One Verizon Way**<br>**VC34W031A**<br>**Basking Ridge, NJ 07920** | **Melissa Pomfred, Esq.**<br>**POMFRED LAW OFFICES, PLLC**<br>**5 East Street**<br>**Franklin, MA 02038** |

Enclosures(s)

cc:   **Robert Young**
**BOWDITCH**
**One International Place Suite 4410**
**Boston, MA 02110**

EEOC Form 161 (11/16)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| To: **Todd Staples**<br>**210 Old Westboro Road**<br>**North Grafton, MA 01536** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No.<br>**523-2018-01358** | EEOC Representative<br>**Amon L. Kinsey, Jr.,**<br>**Supervisory Investigator** | Telephone No.<br>**(617) 565-3189** |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒   Other (briefly state)     **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

November 28, 2018

Enclosures(s)

**Feng K. An,**
**Area Office Director**

(Date Mailed)

cc:

**VERIZON DATA SERVICES LLC DBA VERIZON**
**C/O Registeres Agent  Ct Corporation Systems**
**155 Federal Street**
**Boston, MA 02110**

Melissa Pomfred, Esq.
**POMFRED LAW OFFICES, PLLC**
**5 East Street**
**Franklin, MA 02038**

Enclosures(s)

cc:   **Robert Young**
      **BOWDITCH**
      **One International Place, Suite 4410**
      **Boston, MA 02110**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Todd Staples**
     **210 Old Westboro Road**
     **North Grafton, MA 01536**

From:  **Boston Area Office**
       **John F. Kennedy Fed Bldg**
       **Government Ctr, Room 475**
       **Boston, MA 02203**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2018-01359** | **Amon L. Kinsey, Jr.,**<br>**Supervisory Investigator** | **(617) 565-3189** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*      **Charging Party is pursuing claims in another forum.**

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

November 28, 2018

**Feng K. An,**
**Area Office Director**

*(Date Mailed)*

Enclosures(s)

cc:

**VERIZON COMMUNICATIONS, INC. DBA VERIZON**
**101 Federal Street**
**Boston, MA 02110**

**Melissa Pomfred, Esq**
**POMFRED LAW OFFICES PLLC**
**5 East Street**
**Franklin, MA 02038**

Enclosures(s)

cc:     **Robert Young**
        **BOWDITCH**
        **One International Place, Suite 4410**
        **Boston, MA 02110**